

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0094-08

### STEVEN SANCHEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., filed a concurring opinion in which HOLCOMB and COCHRAN, JJ., joined.

## CONCURRING OPINION

Therapeutic level–With most medications, you need a certain level of drug in your bloodstream to obtain the desired effect. Some medications are harmful if the level rises too high and do not work if the levels are too low.

Monitoring the amount of the drug found in your blood allows your health care provider to make sure the drug levels are within an effective range.[1]

---

[1] http://www.umm.edu/ency/article/003430.htm (University of Maryland Medical Center); http://www.scripps.org/articles/3156-therapeutic-drug-levels (Scripps Health–San Diego).

The statute at issue here requires, in a codeine mixture, the presence of a non-narcotic active ingredient in a sufficient proportion to confer on the mixture in question "valuable medicinal qualities other than those possessed by the narcotic drug alone." Translated from the English, the statute requires that the mixture have enough of the non-narcotic active ingredient that the non-narcotic is at a therapeutic level. If the mixture contains codeine, but not enough non-narcotic active ingredient to confer a medicinal quality, then the exception does not apply and the penalty group changes, and the penalty range increases–possibly from a Class B misdemeanor to a first-degree felony, depending on the amount of codeine.

In this case, because the chemist testified that the mixture weighed less than 28 grams, the penalty range could have increased only to a Class A misdemeanor (Texas Health and Safety Code § 481.104(4)), or to a first-degree felony if the promethazine had been entirely absent (Texas Health and Safety Code § 481.102(3)(A)(codeine not listed in Penalty Group 3 or 4)). There may be instances in which a defendant may very much want to know the level of the non-narcotic active ingredient. If the state charges a first-degree felony, the defendant may seek a charge on Class B misdemeanor because of the presence of a non-narcotic active ingredient in a sufficient proportion to confer on the mixture in question "valuable medicinal qualities other than those possessed by the narcotic drug alone." In such a case, the failure of the state to prove that the proportion of the non-narcotic was insufficient to confer such medicinal qualities might entitle the defendant to an instruction on the lesser-included offense.

I agree that, while the state proved the presence of promethazine, it did not prove the element of the offense that requires a therapeutic level of promethazine, but *in this case*, that failure accrued to the benefit of the appellant. The presence of promethazine saved appellant from a felony penalty

range.  If the chemist had, in fact, ascertained the proportion of promethazine, it may have been too small to satisfy the statute and thereby enable the state to seek a greater punishment.

I join the judgment of the Court.

Filed: January 28, 2009
Publish